

FILED

OCT 18 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

HERCULES INCORPORATED, *and*
GEO SPECIALTY CHEMICALS, INC.

       Defendants.

Civ. No. 2:11cv531

## STIPULATION AND ORDER

WHEREAS, EPA conducted a multiday inspection of the Franklin Plant (the "Facility") located in Franklin, Virginia, including Defendants' operations, on April 5 through 15, 2005;

Whereas, following the inspections, EPA generated a report entitled "Multimedia Compliance Investigation Franklin Plant" (Doc. No. NEIC VP0673E01) dated December 2005 (the "Inspection Report");

Whereas, the Inspection Report identified several "Areas of Noncompliance";

Whereas, the United States has conducted a lengthy investigation following the inspections, which included the provision of additional information by Defendants and other entities;

Whereas, following the additional investigation, the United States has determined based on all currently available information that, with respect to civil claims under the Clean Air Act, 42 U.S.C. §§ 7401-7671q, the Clean Water Act, 33 U.S.C. §§ 1251-1387, the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901-92k, and the Emergency Planning and Community Right to Know Act, 42 U.S.C. §§ 11001-50, arising out of the "Areas of

Noncompliance" identified in the Inspection Report, it will pursue those claims identified in Complaint;

WHEREAS, Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a complaint in this action ("Complaint") alleging, *inter alia*, that Defendants Hercules Incorporated and GEO Specialty Chemical, Inc., violated Sections 311(b)(3) and 311(j) of the CWA, 33 U.S.C. §§ 1321(b)(3) & (j); Section 3008 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6928; and Section 312(d)(1) of the Emergency Planning and Community Right to Know Act ("EPCRA"), 42 U.S.C. § 11022(d)(1); in connection with the Facility;

WHEREAS, Defendants do not admit any issue of law or fact, Defendant Hercules Incorporated specifically does not admit that it is an owner or operator of, or is otherwise liable for alleged noncompliance associated with, chemical processing units and other equipment owned by Defendant GEO Specialty Chemicals, Inc. or Eastman Chemical Resins, Inc., and each Defendant denies liability to the United States arising out of the transactions or occurrences alleged in the Complaint;

WHEREAS, the Parties agree that settlement of the United States' claims against Defendants, without further litigation, is in the public interest;

WHEREAS, the Parties further agree that the Court's approval of this Stipulation and Order ("Stipulation") is an appropriate means of resolving the claims in this action;

NOW THEREFORE, before the taking of any testimony, without adjudication or admission of any issue of fact or law, except as provided in Paragraph 1, below, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED AND DECREED as follows:

2

1.      This Court has jurisdiction over the parties to, and the subject matter of, this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355, and Sections 309(b) and 311(b)(7)(E) of the CWA, 42 U.S.C. §§ 1319(b) and 1321(b)(7)(e). Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1395(a), because Defendants own/owned and/or operate/operated land and manufacturing units at the Franklin Plant in Courtland, Virginia or do business within the District; and because the violations occurred within the District. Defendants waive service of process in accordance with the requirements set forth in the Federal Rules of Civil Procedure.

2.      Defendants shall, within 30 days of the date this Stipulation is entered by the Court, pay to the United States a civil penalty in the amount of seven hundred thousand dollars ($700,000.00). Defendants shall be jointly and severally liable for the penalty

3.      The payment shall be made by FedWire Electronic Funds Transfer ("EFT") in accordance with current electronic funds transfer procedures, referencing USAO File No. 2010V01219, and DOJ Case No. 90-5-1-1-09300. The payment shall be made in accordance with instructions provided to Defendants by the Financial Litigation Unit of the U.S. Attorney's Office for the Eastern District of Virginia. Any EFTs received at the DOJ lockbox bank after 4:00 p.m. Eastern Time will be credited on the next business day. Within five business days of payment, Defendants shall provide written notice of payment and a copy of any transmittal documentation to DOJ, EPA, and the U.S. Attorney's Office at the addresses below.

As to DOJ:                          Chief, Environmental Enforcement Section
                                    Environment and Natural Resources Division
                                    U.S. Department of Justice
                                    P.O. Box 7611
                                    Washington, D.C. 20044-7611
                                    Re: DJ No. 90-5-1-1-09300

3

As to EPA:                          Office of Regional Comptroller (3PM30)
                                    U.S. Environmental Protection Agency
                                    Region III
                                    1650 Arch Street
                                    Philadelphia, PA 19103-2029

As to EPA:                          James F. Van Orden
                                    Office of Regional Counsel (3RC42)
                                    U.S. Environmental Protection Agency
                                    Region III
                                    1650 Arch Street
                                    Philadelphia, PA 19103-2029

As to the U.S. Attorney's Office:   Craig P. Wittman
                                    United States Attorney's Office
                                    101 West Main Street, Suite 8000
                                    Norfolk, Virginia 23510
                                    Re: USAO No. 2010V01219

4.    If the civil penalty is not fully paid when due, Defendants shall pay a stipulated penalty of $500 per day for each day that the payment is delayed beyond the due date. Interest, at the statutory judgment rate established by 28 U.S.C. § 1961, shall accrue on the unpaid balance from the first day after such payment is due through the date the amount is paid in full. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by the United States. Penalties shall accrue as provided in this Paragraph regardless of whether the United States has notified Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.

5.    All payments required by this Stipulation are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), and are not a tax deductible expenditure for purposes of federal law.

4

6.      The payment by Defendants under this Stipulation shall resolve the civil claims of the United States for the violations alleged in the Complaint through the date on which this Stipulation and Order is filed with the Court.

7.      The United States covenants not to sue or to take administrative action against Defendants pursuant to Sections 309 and 311 of the Clean Water Act, 33 U.S.C. §§ 1319 & 1321; Section 3008 of the Resource Conservation and Recovery Act, 42 U.S.C. § 6928; Section 502 of the Clean Air Act, 42 U.S.C. § 7661a; and Section 325 of the Emergency Planning and Community Right-To-Know Act, 42 U.S.C. § 11045; for any civil violations occurring at the Facility prior to the date on which this Stipulation and Order is filed with the Court related to matters described as "Areas of Noncompliance" on pages 7 to 15 of the Executive Summary in the EPA inspection report entitled "Multimedia Compliance Investigation Franklin Plant" (Document Number NEIC VP0673E01) and dated December 2005.

8.      The United States reserves, and this Stipulation is without prejudice to, all rights against Defendants with respect to all other matters not asserted by the United States in the Complaint or identified as "Areas of Noncompliance" in the inspection report identified in Paragraph 7, including, but not limited to, any criminal liability.

9.      Nothing in this Stipulation shall be construed to release Defendants or their agents, successors, or assigns from their respective obligations to comply with any applicable Federal, State, or local law, regulation, or permit. Nothing contained herein shall be construed to prevent or limit the United States' rights to seek penalties or injunctive relief for any violations of federal law other than those expressly addressed in Paragraphs 6 and 7, above.

10.     This Stipulation shall constitute an enforceable judgment for purposes of post-judgment collection in accordance with Rule 69 of the Federal Rules of Civil Procedure, the

Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable authority. The United States shall be deemed a judgment creditor for purposes of collection of any unpaid amounts of the civil and stipulated penalties and interest. Further, Defendants shall be liable for attorneys' fees and costs incurred by the United States to collect any amounts due under this Stipulation.

11.    After receipt of the full settlement amount to be paid by Defendants, the United States and Defendants shall execute and file with the Court a stipulation of dismissal with prejudice with respect to Plaintiff's claims against Defendants. The United States' Complaint in this action shall be dismissed only upon payment of the entire settlement amount and any other monies due in accordance with this Stipulation.

12.    Each party shall bear its own costs and attorneys' fees in this matter, except as provided in paragraph 10, above.

13.    The undersigned representatives of Defendants and the Assistant Attorney General of the Environment and Natural Resources Division or his or her designee each certify that he or she is fully authorized to enter into the terms and conditions of this Stipulation and to execute and legally bind Defendants and the United States, respectively, to it.

So Ordered this ___*18*___ day of ___*October*___, 20 *11*.

Robert G. Doumar
Senior United States District Judge
United States District Judge
Eastern District of Virginia

6

**FOR PLAINTIFF THE UNITED STATES OF AMERICA:**

W. BENJAMIN FISHEROW
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

DANIEL S. SMITH
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
601 D Street, NW
Washington, D.C. 20004
dan.smith2@usdoj.gov
202-305-0371 (voice)
202-616-6583 (fax)

NEIL H. MACBRIDE
United States Attorney

By: _____

9/29/2011
Date

CRAIG P. WITTMAN
Assistant United States Attorney
Virginia Bar No. 39409
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number – 757-441-6331
Facsimile Number – 757-441-6689
E-Mail Address – Craig.Wittman@usdoj.gov

7

SHAWN M. GARVIN
Regional Administrator
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029

MARCIA E. MULKEY
Regional Counsel
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029

JAMES F. VAN ORDEN
Assistant Regional Counsel
Office of Regional Counsel
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029

8

**FOR HERCULES INCORPORATED**

Sept 22, 2011
_____
Date

NAME THEODORE HARRIS
TITLE SR. VP Supply Chain
ADDRESS 5200 Blazer Parkway
Dublin, OH 43017

SEPT 22, 2011
_____
Date

NAME MARK A. STACH
TITLE Assist. Secretary
ADDRESS 5200 Blazer Parkway
Dublin, OH 43017

9

FOR GEO SPECIALTY CHEMICALS, INC.

September 30, 2011
_____
Date

NAME   William P Eckman
TITLE   Executive VP & CFO
ADDRESS
        401 S. Earl Ave
        Lafayette, IN  47904

October 6, 2011
_____
Date

NAME   Eric N. Heyer, Esq.
TITLE   VSB No. 73037
ADDRESS
        Thompson Hine LLP
        1920 N street, N.W., Suite 800
        Washington, D.C. 20036
        Phone: (202) 973-2758
        Fax: (202) 531-8330
        eric.heyer@thompsonhine.com

        Counsel for GEO Specialty Chemicals, Inc.

10

**COUNSEL FOR HERCULES INCORPORATED**

10/12/11

Date

Jeffrey F. Starling (VA Bar No. 65986)
McGuireWoods LLP
One James Center
901 East Cary St.
Richmond, Virginia 23219
Phone: (804) 775-4388
Fax: (804) 698-2046
Email: jstarling@mcguirewoods.com